■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PORTEOUS, Appellant. [597 NYS2d 446] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 30, 1990, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in refusing to charge the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree. It is axiomatic that in considering a request to charge lesser-included crimes, the evidence should be viewed in the light most favorable to the defendant (see, People v Martin, 59 NY2d 704). However, in the case at bar, given the uncontroverted fact that the defendant shot his two defenseless victims in the head and body a combined total of eight times, and from a distance of less than two feet, we cannot agree with the defendant that a reasonable view of the evidence could have supported a finding that he committed either of the lesser-included offenses (see, People v Glover, 57 NY2d 61; People v Moore, 135 AD2d 839; People v Green, 134 AD2d 516).

The defendant's further contention, raised in his supplemental pro se brief, that he was denied a public trial is unpreserved for appellate review (see, CPL 470.05 [2]; People v Baez, 162 AD2d 602). In any event, his contention is belied by the record, which indicates that the courtroom doors were locked only while the jury was being charged. Such a procedure has been specifically approved by the Court of Appeals (see, People v Colon, 71 NY2d 410, 418, cert denied 487 US 1239).

Nor do we find merit to the defendant's argument that he was denied his right to receive meaningful notice of a substantive juror inquiry (see, CPL 310.30). The defendant expressly agreed that the jury could be given any requested evidence without the necessity of appearance by either counsel. When the jury requested "all pictures" and the "DD5 from [a nonexistent witness]", the court did not inform the attorneys, but responded by furnishing the jury with all photographs which had been admitted into evidence. Certainly, it would have been better practice for the court to seek clarification from the

jury with respect to this request. However, in view of the defendant's waiver and the fact that, after being given the photographic evidence, there was no further communication from the jury regarding any DD5 statements, we conclude that the court's response did not "[fall] outside the acceptable bounds of its discretion" and thus satisfied the requirement of CPL 310.30 *(People v O'Rama,* 78 NY2d 270, 278-279; *see, People v Miller,* 163 AD2d 491, 492; *cf., People v DeRosario,* 81 NY2d 801; *People v Lykes,* 81 NY2d 767).

We discern no basis for disturbing the court's imposition of consecutive maximum sentences upon the defendant *(see, People v Suitte,* 90 AD2d 80, 83). Sullivan, J. P., Pizzuto and Santucci, JJ., concur.

O'Brien, J., dissents and votes to reverse the judgment, on the law, and to order a new trial, with the following memorandum: I dissent and vote to reverse the conviction on the ground that the court failed to disclose to defense counsel the full contents of a note from the jury, thereby depriving him of an opportunity to suggest a response on behalf of the defendant *(see, People v O'Rama,* 78 NY2d 270; *People v Hewitt,* 189 AD2d 781; CPL 310.30). A reversal is required even in the absence of a showing of specific prejudice to the defendant by the court's action *(see, People v O'Rama, supra,* at 279-280).

In the note, the jury requested "all pictures" and the "DD5 from Jennifer Hill". Two of the prosecution witnesses were named Jennifer Bell and Maxine Hill but there was no witness named "Jennifer Hill." Bell's written statement to the police was admitted into evidence. A DD5 containing statements by Hill was not admitted into evidence but was referred to during cross-examination. The court did not inform the attorneys of the contents of the jury's note until after a verdict was reached. The court simply informed the attorneys that the jury had requested "the evidence, and the photos have been given to them. That is what they requested".

The court's failure to inform defense counsel of the jury's request deprived him of the opportunity to suggest a meaningful response. As the Court of Appeals stated in *People v O'Rama (supra,* at 276-277), the statutory requirement of notice to counsel is not a mere formality but ensures that counsel has an opportunity to participate before the response is given. The approved procedure is to read the contents of the note into the record in the presence of counsel before the jury enters the courtroom and to give counsel a full opportunity to suggest appropriate responses *(see, United States v Ronder,*

639 F2d 931, 934; *People v O'Rama, supra).* While the court could have sought a clarification from the jury of its request prior to notifying counsel *(see, People v Lykes,* 81 NY2d 767), the court should have informed counsel before it ultimately responded to the jury's request. The record indicates that the court's only response was to send the photographs to the jury. Assuming that the jury wanted to see the DD5, rather than Bell's written statement, counsel might have suggested that the court inform the jury that the DD5 was not in evidence but the jury could request a readback of testimony concerning the document.

I disagree with my colleagues' conclusion that the defendant waived this issue because the parties stipulated that exhibits which were admitted into evidence could be provided to the jury without the necessity of an appearance by counsel. The request for the DD5 of "Jennifer Hill" could not be satisfied simply by sending to the jury the exhibits which were admitted into evidence. Moreover, the People's claim that this issue is not preserved for review is without merit, as the defense counsel was deprived of notice of the full contents of the note *(see, People v O'Rama,* 78 NY2d 270, *supra; cf., People v DeRosario,* 81 NY2d 801).

In view of my conclusion that a new trial is required, I decline to address the remaining issues raised by the defendant.