■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MICKENS, Appellant. [693 NYS2d 455] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered September 4, 1997, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH TAPPIN, Also Known as RONALD INNIS, Appellant. [695 NYS2d 365] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 10, 1997, convicting him of grand larceny in the fourth degree and bail jumping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied a fundamental right to be present at all material stages of the trial by his exclusion from sidebar discussions during voir dire (*see, People v Antommarchi,* 80 NY2d 247; *People v People,* 223 AD2d 732). The defendant, after discussing the matter with his attorney, signed a waiver stating that he was advised of his rights and agreed to waive his right to be present at sidebar discussions during voir dire. Therefore, the waiver was knowingly, intelligently, and voluntarily given (*see, People v Varga,* 88 NY2d 363; *People v McGee,* 208 AD2d 388). Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.