■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE KNIGHT, Appellant. [773 NYS2d 887]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered February 20, 2002, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and bail jumping in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to be present during sidebar questioning of prospective jurors (*see People v Antommarchi*, 80 NY2d 247 [1992]). Such waiver was evidenced by defense counsel's statement in court regarding the defendant's waiver, the defendant's acknowledgement of his waiver during the court's inquiry of him, and his execution of the written waiver form (*see People v Velasquez*, 1 NY3d 44 [2003]; *People v Tappin*, 264 AD2d 449 [1999]). Altman, J.P., Florio, Luciano and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO LOPEZ, Appellant. [773 NYS2d 886]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 8, 2002, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.