■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE KNUDSEN, Appellant. [823 NYS2d 530]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered November 29, 2004, convicting her of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honoroff, J.), of those

branches of the defendant's omnibus motion which were to suppress her statements to law enforcement officials and physical evidence seized at her residence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that her inculpatory statements to law enforcement officials and her written consent to the search of her residence were involuntary. The defendant was advised of, and waived, her *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and signed a form indicating as much. In addition, the defendant signed a consent form permitting the police to search her home. The totality of the circumstances surrounding the questioning, as established at the pretrial hearing (*see People v Anderson,* 42 NY2d 35, 38 [1977]), supports the hearing court's conclusion that the defendant's written statements admitting to the crimes, as well as the signed consent to the search of her residence, were voluntarily made. There was no evidence that the defendant's statements were obtained through threats or coercion (*see People v Tarsia,* 67 AD2d 210 [1979], *affd* 50 NY2d 1 [1980]; *see also People v Miles,* 276 AD2d 566 [2000]).

Contrary to the defendant's contention, she was not denied her right to receive meaningful notice of a substantive juror inquiry (*see* CPL 310.30). The defense attorney and the prosecutor expressly agreed that the jury could be given any requested evidence without the necessity of appearance by counsel. In response to a request from the jury, the trial court properly provided the requested exhibits without consultation with the parties (*see People v Porteous,* 193 AD2d 631 [1993]). Further, when the jury requested an item that had not been submitted into evidence, the trial court also acted appropriately when it informed the jury of this fact without notifying the parties (*see People v Porteous, supra*).

The prosecutorial misconduct alleged by the defendant constitutes harmless error beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (*see. People v Crimmins,* 36 NY2d 230 [1975]).

Although the defendant was permitted to impeach a witness's credibility by trying to show that the witness was hostile towards her, the Supreme Court providently exercised its discretion in limiting the defendant's cross-examination of the witness to prevent further interrogation that was merely harassing (*see e.g. People v Ashner,* 190 AD2d 238, 245 [1993]). Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.