Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 27, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree, assault in the third degree and menacing in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), defendant contends in his main brief and pro se supplemental brief that the verdict is against the weight of the evidence because the testimony of the victim was incredible as a matter of law. We reject that contention (see People v Ptak, 37 AD3d 1081 [2007], lv denied 8 NY3d 949 [2007]; see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant further contends in his main brief that he was denied effective assistance of counsel. To the extent that defendant’s contention involves matters outside the record on appeal, it is properly raised by *1194 way of a motion pursuant to CPL 440.10 (see People v McKnight, 55 AD3d 1315 [2008]). We otherwise conclude on the record before us that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant failed to meet his burden of establishing the absence of strategic or other legitimate explanations for the alleged deficiencies of his attorneys in representing him (see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Flores, 84 NY2d 184, 186-187 [1994]; see generally Baldi, 54 NY2d at 147). Also contrary to the contention of defendant in his main brief, we conclude that County Court properly admitted evidence of his controlling behavior toward the victim. Evidence of that behavior is “admissible for the purpose of establishing the element of forcible compulsion and the victim’s delayed reporting” (People v Bennett, 52 AD3d 1185, 1187 [2008], lv denied 11 NY3d 734 [2008]; see People v Greene, 306 AD2d 639, 642 [2003], lv denied 100 NY2d 594 [2003]), and the prejudicial effect of the evidence of that behavior is outweighed by its probative value (see People v Ventimiglia, 52 NY2d 350, 359-360 [1981]). The sentence is not unduly harsh or severe.
Defendant contends in his pro se supplemental brief that reversal is required based on the court’s failure to provide defendant with notice of the jury notes pursuant to CPL 310.30. We conclude that defendant failed to preserve his contention with respect to the sixth jury note because the court read the contents of that note in open court, and defendant failed to object or to suggest a response (see People v Starling, 85 NY2d 509, 516 [1995]). We decline to exercise our power to review defendant’s contention concerning the sixth jury note as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to the jury notes requesting exhibits, we conclude that the court properly forwarded the requested exhibits without notice to defendant inasmuch as the record establishes that defendant waived his right to be present for the reading of those notes (see People v Knudsen, 34 AD3d 496, 497 [2006]; People v Porteous, 193 AD2d 631 [1993], lv denied 82 NY2d 758, 807 [1993]). We further conclude that defendant received meaningful notice of the remainder of the substantive jury notes (see generally People v O’Rama, 78 NY2d 270, 276-278 [1991]).
Finally, we have considered the remaining contention of defendant in his pro se supplemental brief and conclude that it is without merit. Present—Hurlbutt, J.P, Centra, Fahey, Pine and Gorski, JJ.