■ The People of the State of New York, Respondent, v Antonio R. Carvalho, Appellant. [876 NYS2d 269]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 27, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05) and grand larceny in the third degree (§ 155.35).

Contrary to the contention of defendant, County Court properly refused to suppress tape-recorded statements that he made to his ex-wife. Although the People may not elicit incriminating statements from a defendant who is represented by counsel, "statements induced by nongovernmental entities, acting privately, do not fall within the ambit of this exclusionary rule" (*People v Velasquez*, 68 NY2d 533, 537 [1986]). Here, according to the evidence at the suppression hearing, defendant's ex-wife was not acting as an agent of the police, and her statements were not otherwise induced by governmental entities (*see id.*; *People v Jean*, 13 AD3d 466, 467 [2004], *lv denied* 5 NY3d 764, 807 [2005]; *People v Shabani*, 203 AD2d 142 [1994], *lv denied* 84 NY2d 832 [1994]).

We further conclude that the court properly allowed a prosecution witness to testify with respect to her identification of defendant from a photo array. "Defendant opened the door to the testimony of that witness" by attacking the validity of the photo array during his opening statement (*People v Williams*, 273 AD2d 824, 826 [2000], *lv denied* 95 NY2d 893 [2000]). Furthermore, defendant was not denied effective assistance of counsel based on defense counsel's strategic attempt to discredit the pretrial identification of the witness by using the photo array (*see People v Ofield*, 280 AD2d 978 [2001], *lv denied* 96 NY2d 832 [2001]).

Contrary to the further contention of defendant, he has "no constitutional right to a jury trial to establish the facts of his prior felony convictions" (*People v Rosen*, 96 NY2d 329, 335 [2001]; *see People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US 984 [2005]). Furthermore, we conclude that the court did not abuse its discretion in sentencing defendant as a persistent felony offender based upon defendant's criminal history (*see People v O'Connor*, 6 AD3d 738, 740-741 [2004], *lv denied* 3 NY3d 645 [2004]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.