# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

164.1

KA 09-01253

PRESENT: SMITH, J.P., FAHEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JESSE ROBERITES, DEFENDANT-APPELLANT.

---

JOSEPH D. WALDORF, ROCHESTER, FOR DEFENDANT-APPELLANT.

JESSE ROBERITES, DEFENDANT-APPELLANT PRO SE.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered June 9, 2009. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and insurance fraud in the second degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10) and insurance fraud in the second degree (§ 176.25). The conviction stems from defendant's efforts to obtain the proceeds of an insurance policy covering his residence, which was damaged by a fire.

Defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends in his pro se supplemental brief that County Court failed to apprise him of a jury note requesting exhibits, and that such failure constitutes a mode of proceedings error requiring

reversal of the judgment, even if unpreserved (*see People v O'Rama*, 78 NY2d 270, 279-280; *see also* CPL 310.30). We agree. CPL 310.20 (1) provides that, upon retiring to deliberate, the jurors may take with them "[a]ny exhibits received in evidence at the trial which the court, *after according the parties an opportunity to be heard upon the matter*, in its discretion permits them to take" (emphasis added). CPL 310.30 provides that, "[a]t any time during its deliberation, the jury may request the court for further instruction or information with respect to . . . the content or substance of any trial evidence . . . Upon such a request, *the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant*, must give such requested information or instruction as the court deems proper" (emphasis added). Here, as part of its instructions to the jury, the court informed the jurors that "[e]xhibits that were received in evidence are available, upon your request, for your inspection and consideration." The court, however, neither elicited on the record whether defendant, who proceeded pro se at trial, waived his right to be present when such a request was made nor informed defendant on the record that the exhibits would be given to the jury without reconvening. Prior to receiving the jury's verdict, the court indicated that it had received a jury note "that has been marked as a Court Exhibit which was just the jury requesting certain items of evidence that had already been admitted and received in evidence, that they were provided with those items pursuant to discussions we had and what they were told before deliberations." We note that those "discussions" do not appear to have been transcribed, and no agreement by defendant to forego the right to be present for the receipt of jury notes appears in the record before us. Inasmuch as the court failed to obtain defendant's express agreement waiving his right to be present for the reading of the jury note at issue, we conclude that the court committed a mode of proceedings error when it provided exhibits to the jury in response to a jury note without notice to defendant, thereby requiring reversal of the judgment and a new trial (*cf. People v King*, 56 AD3d 1193, 1194, *lv denied* 11 NY3d 926; *People v Mitchell*, 46 AD3d 480, 480, *lv denied* 10 NY3d 842; *People v Knudsen*, 34 AD3d 496, 497).

In view of our decision, we do not address defendant's remaining contentions in his main and pro se supplemental briefs.

All concur except SMITH, J.P., who dissents and votes to affirm in the following Memorandum: I disagree with the majority's conclusion that County Court committed a mode of proceedings error in its handling of a note from the jury requesting the exhibits that were received in evidence. In view of defendant's failure to preserve the issue for our review, I respectfully dissent and would affirm the judgment.

Initially, I note that I agree with the majority's resolution of the issues concerning the legal sufficiency and weight of the evidence. With respect to the jury note at issue, the facts are set forth by the majority. Briefly, during its final jury instructions, the court informed the jurors that it would provide them with any item

that had been received in evidence upon their request.  Defendant did not object.  Later, the court informed the parties that the jury had asked to see certain pieces of evidence, and that those items had been provided pursuant to the court's discussions with the parties and the jury instructions.  Defendant contends that the court thereby failed to comply with the procedures set forth in *People v O'Rama* (78 NY2d 270), and that such failure constituted a mode of proceedings error requiring reversal of the judgment, notwithstanding his failure to preserve it.

The *O'Rama* procedures are based on the principle that "CPL 310.30 . . . imposes two separate duties on the court following a *substantive* juror inquiry:  the duty to notify counsel and the duty to respond" (*id.* at 276 [emphasis added]).  The failure to follow those procedures when confronted with a jury note that raises a substantive inquiry is a mode of proceedings error that does not require preservation (*see id.* at 279).  Only substantive inquiries, however, require adherence to the *O'Rama* procedures.  "Section 310.30 does not require notice to defendant in every instance of communication from the jury to the court" (*People v Lykes*, 81 NY2d 767, 769).  Where, as here, a defendant contends that a jury note contained a substantive question, and thus required adherence to the *O'Rama* procedures, this Court's "inquiry ultimately focuses on whether the matter discussed was merely ministerial and, thus, 'wholly unrelated to the substantive legal or factual issues of the trial.'  [The issue is ministerial where] the challenged discussion . . . [bears] no substantial relationship to the defendants' opportunity to defend against the charges" (*People v Hameed*, 88 NY2d 232, 241, *cert denied* 519 US 1065).

In the note at issue, the jury merely requested certain items that had been admitted in evidence for their use during deliberations.  Thus, the record reveals that the jury inquiry was purely ministerial in nature, containing only a request to view evidence.  "Since the note[] [was] not substantive, any failure by the trial court to comply with CPL 310.30 did not constitute a mode of proceeding[s] error" (*People v Gerrara*, 88 AD3d 811, 812, *lv denied* 18 NY3d 957, *cert denied* ___ US ___, 133 S Ct 857; *see People v Bryant*, 82 AD3d 1114, 1114, *lv denied* 17 NY3d 792; *cf. People v Lockley*, 84 AD3d 836, 838, *lv denied* 17 NY3d 807).

Consequently, I conclude that "[d]efendant's reliance on [*O'Rama*] is misplaced.  The note sent by the jury simply requested [some of the evidence], which both the jury and [defendant] were apprised was available for inspection upon request; the note did not request any substantive information to implicate the notice procedures outlined in *O'Rama*.  Indeed, other than the production of [that evidence], the note called for no other response" (*People v Damiano*, 87 NY2d 477, 487; *see People v Green*, 37 AD3d 1131, 1131, *lv denied* 8 NY3d 946; *see also People v Rosado*, 262 AD2d 62, 62, *lv denied* 93 NY2d 1045).  Inasmuch as no mode of proceedings error occurred and *O'Rama* was not implicated, defendant was required to object to the procedure used by the court and, having failed to do so, he failed to preserve his contention for our review (*see* CPL 470.05 [2]).  I would decline to

exercise this Court's power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his related contention that the court violated CPL 310.20 (1), which permits a deliberating jury to take with them "[a]ny exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take." I conclude that the case law governing CPL 310.30 is equally applicable here, and thus I reject defendant's contention that the court's response to the jury's request to take the exhibits into the jury room was a mode of proceedings error. Therefore, in the absence of a proper objection, defendant's contention is not preserved for our review (*see* CPL 470.05 [2]), and I would decline to exercise this Court's power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

I have examined defendant's remaining contentions and conclude that none requires modification or reversal of the judgment.

Entered:  March 28, 2014                          Frances E. Cafarell
                                                  Clerk of the Court