(August 28, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHIAN TAYLOR, Appellant. [992 NYS2d 99]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 29, 2010, convicting him of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improperly permitted a detective to testify that defense counsel was present at a lineup observed by a witness is largely unpreserved for appellate review due to his belated objection (see People v Gray, 86 NY2d 10 [1995]; People v Udzinski, 146 AD2d 245, 250 [1989]). In any event, the Supreme Court properly permitted the detective to so testify, as the fairness of the lineup was in issue (see People v Hamdam, 58 AD3d 752 [2009]; People v Foulks, 143 AD2d 1038 [1988]; see also People v Valentine, 271 AD2d 245 [2000]).

Contrary to the defendant's contention, the Supreme Court did not err in admitting testimony pertaining to a photographic identification of the defendant. While a witness generally is not permitted to testify as to an extrajudicial identification of a photograph of a defendant (see People v Griffin, 29 NY2d 91 [1971]), such testimony is appropriate where, as here, the defendant opened the door to this type of inquiry during cross-examination of the witness (see People v McCrae, 69 AD3d 759, 761 [2010]; People v Carvalho, 60 AD3d 1394 [2009]; People v Hamilton, 33 AD3d 937, 938 [2006]; People v Cuiman, 229 AD2d 280, 282 [1997]).

The defendant's contention that he was denied his right to receive meaningful notice of a substantive jury inquiry is without merit (see CPL 310.30). The defendant expressly agreed that the jury could be given any requested evidence without the necessity of an appearance by either counsel. When the jury

requested to "see the benefits" offered to two of the prosecution's witnesses, the Supreme Court, in accordance with the agreement, responded by sending into the jury room the cooperation agreement of one of the witnesses, which was the only such agreement that had been admitted into evidence. Subsequently, when the Supreme Court read the note back to the jury, it stated, "I believe we sent in to you the cooperation agreement [of one of the witnesses]. That's what is in evidence." There was no further communication from the jury regarding benefits offered to the two prosecution witnesses or the cooperation agreement. While it may have been preferable for the court to seek further clarification from the jury with respect to its request to "see the benefits" (*see People v Porteous*, 193 AD2d 631, 631-632 [1993]), the wording of the subject jury note, particularly when read in conjunction with several other notes, demonstrated that the jury was requesting only the physical exhibit. Under these circumstances, the Supreme Court's response did not fall outside the acceptable bounds of its discretion, and thus satisfied the requirement of CPL 310.30 (*see People v O'Rama*, 78 NY2d 270, 279 [1991]; *People v Porteous*, 193 AD2d at 632).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.