Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered April 26, 2011, convicting him of robbery in the first degree, burglary in the first degree, robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s claims regarding his cross-examination during the trial by the prosecutor about his prior convictions are unpreserved for appellate review because he failed to raise a specific objection that the prosecutor’s questions were beyond the bounds of the Sandoval ruling (see People v Sandoval, 34 NY2d 371, 374-377 [1974]; People v Gill, 54 AD3d 965, 965-966 [2008]; People v Hill, 47 AD3d 838 [2008]; People v Siriani, 27 AD3d 670 [2006]). In any event, the prosecutor’s cross- *1137 examination of the defendant was not unduly prejudicial as a whole (see Portuondo v Agard, 529 US 61, 67, 87 [2000]; People v Pinkney, 48 AD3d 707, 708 [2008]; People v Bryant, 39 AD3d 768, 769 [2007]), and, to the extent that any of the prosecutor’s questions went beyond the bounds of the Sandoval ruling or were otherwise improper, any error was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Siriani, 27 AD3d 670 [2006]).
The defendant contends that certain comments made by the prosecutor on summation were improper. However, some of those contentions are unpreserved for appellate review (see CPL 470.05 [2]). In any event, while some of the comments were inappropriate, they did not deprive the defendant of a fair trial (see People v O’Keefe, 105 AD3d 1062, 1064 [2013]; People v St. Juste, 83 AD3d 742 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
Mastro, J.P., Austin, Maltese and Barros, JJ., concur.