People v Headley (2019 NY Slip Op 01616)





People v Headley


2019 NY Slip Op 01616


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2014-05892
 (Ind. No. 601/10)

[*1]The People of the State of New York, respondent,
v
John Headley, appellant.


Paul Skip Laisure, New York, NY (Melissa S. Horlick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered May 8, 2014, convicting him of offering a false instrument for filing in the first degree (four counts) and rewarding official misconduct in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of two counts of offering a false instrument for filing in the first degree based upon his transmission of two emails containing false or misleading information to the Law Department of the New York City Transit Authority is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Davidson, 150 AD3d 1142, 1143). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of offering a false instrument for filing in the first degree with respect to these two counts (see Penal Law § 175.35; People v Taylor, 82 AD3d 1016, 1017; Norman v Hynes, 20 AD3d 125, 132). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those two counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in admitting evidence of prior bad acts. The evidence was probative of the defendant's intent with respect to the charged crimes (see People v Bayne, 82 NY2d 673, 676; People v Rodriguez, 148 AD3d 938, 938; People v Cockett, 95 AD3d 1230, 1231). Furthermore, the probative value of the evidence outweighed its prejudicial effect, which the court minimized by giving the jury limiting instructions (see People v Wright, 160 AD3d 667, 669; People v Holden, 82 AD3d 1007, 1008; People v Ramirez, 23 AD3d 500, 501).
The defendant's contentions regarding his cross-examination by the prosecutor at trial [*2]are unpreserved for appellate review because he failed to raise a specific objection that the prosecutor's questions exceeded the scope of the Supreme Court's Sandoval ruling (see CPL 470.05[2]; People v Sandoval, 34 NY2d 371; People v Ellis, 138 AD3d 1136, 1136; People v Gill, 54 AD3d 965, 965-966). In any event, the prosecutor's cross-examination of the defendant was proper as a whole, and to the extent that any of the prosecutor's questions were improper, the improper questions were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Creekmur, 137 AD3d 1052, 1053; People v Wright, 62 AD3d 916, 917-918).
Near the end of its charge, the Supreme Court told the jury that it could request any and all evidentiary exhibits by sending a note. When the jury commenced deliberations, defense counsel and the People agreed that the court could furnish the jury with the exhibits upon its request, without reconvening. During deliberations, the jury sent two different notes requesting various exhibits, and the court complied with those requests without reconvening. Now, the defendant contends that, in so doing, the court violated its obligations under CPL 310.30 and People v O'Rama (78 NY2d 270, 277-278), and that the error requires reversal notwithstanding the defendant's consent to this procedure. The defendant's contention is without merit. So long as the defendant consents beforehand, a court may furnish the jury with evidentiary exhibits without reconvening (see CPL 310.20[1]; People v Damiano, 87 NY2d 477, 487; People v Kirk, 27 AD3d 383, 384; cf. People v Roberites, 115 AD3d 1291, 1292-1293; see generally William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, CPL 310.20). The court's handling of the jury notes requesting evidentiary exhibits did not implicate either CPL 310.30 or the notice provisions outlined in People v O'Rama (78 NY2d 270) (see People v Damiano, 87 NY2d at 487; People v Houston, 143 AD3d 737, 740; People v Knudsen, 34 AD3d 496, 497).
Contrary to the defendant's contention, the record reveals that his trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Elder, 152 AD3d 787, 790; People v Cruz, 127 AD3d 987, 988).
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court