People v Croom (2019 NY Slip Op 02542)





People v Croom


2019 NY Slip Op 02542


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2013-10134
2014-03683
 (Ind. No. 2496/11)

[*1]The People of the State of New York, respondent,
v
Sharif Croom, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered October 17, 2013, convicting him of robbery in the first degree (3 counts), robbery in the second degree, criminal possession of stolen property in the fourth degree (12 counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered February 26, 2014, convicting him of robbery in the first degree (5 counts) and robbery in the second degree (5 counts), upon a jury verdict, and imposing sentence. The appeal from the judgment rendered October 17, 2013, brings up for review the denial, after a hearing (Arthur J. Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and statements he made to law enforcement officials.
ORDERED that the judgments are affirmed.
We agree with the Supreme Court's denial of those branches of the defendant's omnnibus motion which were to suppress the showup and lineup identifications, and the defendant's statements to law enforcement officials. The police had reasonable suspicion to stop the vehicle in which the defendant was riding based on the description of the vehicle given by the complainant, the proximity of the vehicle to the area where the robbery had occurred, and the fact that the stop was made about two minutes after the police received a 911 emergency telephone call reporting the robbery, late at night in a residential area (see People v Ceruti, 133 AD3d 610; People v Argyris, 99 AD3d 808, affd 24 NY3d 1138; People v Young, 68 AD3d 1761; People v Devorce, 293 AD2d 550). Since the stop of the vehicle was lawful, there was no basis to suppress evidence of the showup, the lineup identifications, or the defendant's statements on the ground that they were tainted by an illegal vehicle stop.
Furthermore, neither the showup nor the lineup procedures were unduly suggestive. The showup procedure was not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of plainclothes police officers, or that the police shined the lights of police vehicles on him (see People v Bartlett, 137 AD3d 806; People v Jerry, 126 AD3d 1001). The [*2]height and weight disparities between the participants in the lineup were diminished by the fact that they were seated behind a piece of cloth which hid their bodies from the neck down (see People v Pinckney, 220 AD2d 539; People v Jackson, 151 AD2d 694).
The defendant's contention that he was deprived of a fair trial at his second trial because he was not present at sidebar conferences with prospective jurors is without merit. Before the second trial, the defendant signed an Antommarchi waiver (see People v Antommarchi, 80 NY2d 247). He stated in open court that he understood that he was giving up the right to be present during sidebar conferences with prospective jurors, and that he was waiving that right knowingly and intelligently (see People v Knight, 6 AD3d 460; People v Bernhardt, 223 AD2d 595).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter outside of the record, and therefore is not reviewable on direct appeal, because it involves matters of strategy not reflected in, or fully explained by, the record (see People v Perez, 162 AD3d 588; People v Williams, 154 AD3d 497). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d at 806; People v Maxwell, 89 AD3d at 1109).
The Supreme Court did not violate the procedure set forth in People v O'Rama (78 NY2d 270) in responding to notes from the jury at the second trial. When evidentiary exhibits were requested during deliberations, the court marked those notes as court exhibits and read them into the record in the presence of both counsel. The presence of the defendant was not required when the notes were read into the record (see id. at 277-278). Further, at the beginning of deliberations, both the prosecutor and defense counsel advised the court that they had no objection to the court providing exhibits upon the jury's request without first assembling them. Since the defendant consented beforehand to the jury receiving evidentiary exhibits in this manner, the court properly furnished the jury with the subject exhibits without reconvening (see CPL 310.20[1]; People v Damiano, 87 NY2d 477, 487; People v Headley, ___AD3d___, 2019 NY Slip Op 01616 [2d Dept 2019]; cf. People v Roberites, 115 AD3d 1291, 1292-1293; see generally William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, CPL 310.20). The court's handling of the jury notes requesting evidentiary exhibits did not implicate either CPL 310.30 or the notice provisions outlined in People v O'Rama (78 NY2d 270) (see People v Damiano, 87 NY2d at 487; People v Houston, 143 AD3d 737, 740; People v Knudsen, 34 AD3d 496, 497).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80). Consecutive sentences were warranted in this case (see Penal Law § 70.25; People v Daly, 20 AD3d 542; People v Rivera, 186 AD2d 594). The fact that the defendant received a harsher sentence after trial than he was offered during plea negotiations does not indicate that he was punished for exercising his right to a trial (see People v Melendez-Torres, 165 AD3d 840; People v Lang, 164 AD3d 832; People v Valery, 135 AD3d 975). There is no indication in the record that the sentences were the result of vindictiveness or retribution for the defendant's refusal to accept a plea and his exercise of the right to a jury trial (see People v Cruz, 137 AD3d 1158; People v Valery, 135 AD3d 975).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court