■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN JACKSON, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marlow, J.), rendered June 18, 1984, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree, and violation of Vehicle and Traffic Law § 1192 (2); § 1128 (a), upon his plea of guilty, and imposing sentence. The appeal brings up for review that branch of defendant's pretrial motion as sought suppression of physical evidence (Delaney, J.).

Judgment affirmed.

Defendant was stopped and arrested for driving while intoxicated and a subsequent search of his person revealed aluminum foil packets believed by the officers to contain cocaine. The

search of defendant's car was proper upon the facts of this case because "the police had a reasonable belief that the vehicle was, in some way, associated with the crime and that a search of the vehicle would 'produce the fruits, instrumentalities, contraband or evidence' of the crime" (*People v Clark,* 45 NY2d 432, 438, quoting *People v Lewis,* 26 NY2d 547, 552). Additionally, the search of the box and gym bag found in the vehicle's trunk was proper because "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (*United States v Ross,* 456 US 798, 825; *People v Ellis,* 62 NY2d 393, 398). Furthermore, under the circumstances of this case, the fact that defendant's car was transported to police headquarters and then searched does not affect the validity of the search (*United States v Johns,* 469 US __, 105 S Ct 881; *People v Orlando,* 56 NY2d 441, 446).

We have considered defendant's other contentions and find them to be either unpreserved or without merit. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.