■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON NILES, Appellant. [655 NYS2d 578] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered July 27, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

A police officer on patrol in an unmarked car was stopped for a red light when the defendant crossed the street in front of him. The officer noticed a bulge in the upper pocket of the defendant's jacket. Although the officer testified that he could not see the outline of a gun, the defendant had something in his pocket that "looked to me like a gun". The officer approached the defendant, identified himself as a police officer and asked the defendant what was in his pocket. After the defendant responded that it was a gun, the officer placed his hand on the outside of the zippered pocket and felt that it was indeed a gun. He arrested the defendant and removed a loaded gun from the defendant's pocket. At the police station, the defendant gave oral and written statements in which he admitted that he was carrying a gun.

The defendant contends that the gun and his statements should be suppressed because he was unlawfully arrested. The hearing court credited the officer's testimony and denied the motion. We conclude that the record supports the hearing court's determination. The officer's observation that there ap-

peared to be a gun in the defendant's pocket constituted " 'a founded suspicion that criminal activity is afoot' " and justified the officer's minimally intrusive question *(see, People v Hollman,* 79 NY2d 181, 184). Once the defendant admitted that he was carrying a gun, the officer had probable cause to arrest him *(see, People v Carrasquillo,* 54 NY2d 248).

The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur. ·