■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN PIERRE BROWN, Appellant. [827 NYS2d 673]—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered January 13, 2004, as amended May 24, 2004, convicting him of criminal sale of a controlled substance in the third degree, resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 16, 2003, convicting him of murder in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the warrantless search of the knapsack found in his possession at the time of his arrest was proper because the search was incident to a lawful arrest (see United States v Robinson, 414 US 218 [1973]; People v Belton, 55 NY2d 49, 52-53 [1982]). Although the knapsack, which uncovered personal items belonging to one of the victims, was not searched immediately upon the defendant's arrest, the delay, while the defendant was being interviewed, was reasonable under the circumstances and, therefore, not a basis to suppress items that were recovered (see United States v Johns, 469 US 478 [1985]; United States v Edwards, 415 US 800 [1974]; People v Ali, 131 AD2d 857 [1987]; People v Jackson, 111 AD2d 412 [1985]).

The defendant's contention that a soiled bandage about to be discarded was wrongfully seized and should have been suppressed is without merit. The defendant sufficiently manifested an intent to abandon the old bandage by permitting EMS workers to put on a new bandage and discard the soiled one, which upon examination was found to contain DNA evidence linking the defendant to the crime (see People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; People v Mora, 259 AD2d 562 [1999]; United States v Cox, 428 F2d 683 [1970]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.