■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASIM HERNANDEZ, Also Known as CURTIS HARRIS, Appellant. [836 NYS2d 219]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered July 26, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and a new trial is ordered.

On December 23, 2001 Ramon Valenzuela was robbed at gunpoint; the robber took Valenzuela's money and cellphone. Six weeks later, Valenzuela selected the defendant's photograph from an array and told the police that the defendant was the man who had robbed him. The defendant eventually was arrested and charged with robbery in the first degree. When the police searched the defendant's knapsack upon his arrest, they found a cellphone.

According to Detective Lobel, the sole witness at the suppression hearing, the defendant's parole officer told the detective at about 9:00 A.M. on February 19, 2002, almost two months after the crime that the defendant was expected at the parole office that day after 10:00 A.M. When Detective Lobel arrived at 11:45 A.M., the defendant was already in handcuffs, seated in a chair. Detective Lobel did not remember if the defendant was handcuffed to the chair, and he was not asked about the degree to which the defendant was immobilized by the handcuffs. In front of the defendant, on a table, was the defendant's knapsack. When the court asked Detective Lobel how far the defendant was from the knapsack when Lobel searched it, he responded that "[i]t was on the desk in front of him." Detective Lobel was never asked at the suppression hearing about his reason for searching the knapsack. The suppression court denied the defendant's motion to suppress the cellphone on the ground that the search of the defendant's knapsack was a lawful search incident to arrest. We reverse.

On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance (see People v Berrios, 28 NY2d 361, 367-368 [1971]; People v Moses, 32 AD3d 866, 868 [2006]). Here, the People rested their opposition to the branch of the motion which was to suppress on the exception to the warrant requirement that permits the police to conduct a search incident to a lawful arrest. Contrary to the People's contention that, if the search is incident to a lawful arrest, exigent circumstances are unnecessary, the Court of Appeals has explicitly stated that exigent circumstances are, indeed, a prerequisite to a search incident to arrest of a defendant's effects in the defendant's immediate control or "grabbable area": "[u]nder the State Consti-

tution, an individual's right of privacy in his or her effects dictates that a warrantless search incident to arrest be deemed unreasonable unless justified by the presence of exigent circumstances" (*People v Gokey*, 60 NY2d 309, 312 [1983]). The Court of Appeals identified two circumstances that may be considered exigent: the safety of the police and the public, and the need to prevent evidence from being destroyed or concealed (*id.*; *cf. People v Smith*, 59 NY2d 454, 458 [1983]). The proof in this case does not establish that either circumstance was present at the time of the defendant's arrest. Further, because there was no testimony as to the degree to which the defendant was immobilized, or how far away the defendant was from the knapsack, it cannot even be determined whether the knapsack was in the defendant's immediate control or "grabbable area" (*cf. People v Smith, supra* at 459). Consequently, the People failed in their burden in the first instance of establishing the reasonableness of the police conduct (*see People v Chisolm*, 7 AD3d 728, 729 [2004]; *People v Green*, 258 AD2d 531, 532-533 [1999]). Since the error in admitting the cellphone was not harmless, we reverse and order a new trial (*see People v Jones*, 21 AD3d 429 [2005]). We note that the case of *People v Brown* (36 AD3d 931 [2007]), cited by the People, did not present this issue and, accordingly, does not require an affirmance here.

Finally, the defendant's claim of ineffective assistance of counsel involves matter which is dehors the record and is not properly before us on direct appeal (*see People v Linares*, 265 AD2d 504 [1999]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.