THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PRESTON, Appellant. [930 NYS2d 284]—

Under the circumstances of this case, the defendant's contention that certain physical evidence should have been suppressed because two police officers lacked a proper basis for questioning him is without merit (*see People v Riddick*, 70 AD3d 1421, 1422 [2010]; *People v Winchester*, 14 AD3d 939, 940 [2005]).

Contrary to the People's contention, the defendant's remaining arguments regarding the propriety of the two police officers' actions leading up to his arrest are properly before this Court (*see People v Gray*, 77 AD3d 766 [2010]), although those contentions are without merit. Notwithstanding the defendant's contention that the officers chased him even though they lacked a "reasonable suspicion that [he] was involved in a felony or misdemeanor" (*People v Moore*, 6 NY3d 496, 499 [2006]), the

testimony adduced at the suppression hearing reflects that the officers' pursuit of the defendant after he dropped what appeared to be a drug packet and fled their presence immediately thereafter was justified (*see People v Febus*, 11 AD3d 554, 556 [2004]; *Matter of Steven McC.*, 304 AD2d 68, 73 [2003]). Moreover, the record does not support the defendant's contention that the officers' testimony at the suppression hearing was incredible or patently tailored to nullify constitutional objections (*see People v Vasquez*, 217 AD2d 466, 467 [1995]; cf. *People v Rutledge*, 21 AD3d 1125, 1126 [2005]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is without merit (*see People v Davis*, 27 AD3d 761, 762 [2006]; *People v Evans*, 16 AD3d 595, 596 [2005]). Additionally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.