THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LYIESHA WARNER, Respondent. [941 NYS2d 865]—

Appeal by the People from an order of the Supreme Court, Queens County (Paynter, J.), dated March 23, 2010, which granted that branch of the defendant's motion which was for leave to reargue that branch of her omnibus motion which was to suppress physical evidence, which had been denied in a prior order of the same court dated February 16, 2009, and, upon reargument, in effect, vacated the determination in the prior order, and thereupon granted that branch of the omnibus motion which was to suppress physical evidence.

Ordered that the order dated March 23, 2010, is affirmed.

Two police officers stopped the defendant and her companion after seeing them go through a subway turnstile at the same time following a single swipe of a MetroCard. The police officers asked the defendant and her companion for identification, and the defendant produced identification from the purse she was holding. After checking the identifications, the police learned that there was an outstanding warrant for the defendant. They placed her under arrest because of the outstanding warrant. As the defendant was being arrested, the police officers asked her to put her purse on the floor so that she could be handcuffed, and the defendant complied. The police officers then searched

the defendant's purse and recovered a loaded gun and a steak knife.

In an order dated February 16, 2009, the Supreme Court, inter alia, denied that branch of the defendant's omnibus motion which was to suppress physical evidence. In an order dated March 23, 2010, the Supreme Court granted that branch of the defendant's motion which was for leave to reargue and, upon reargument, in effect, vacated the determination in the prior order, and thereupon granted that branch of the omnibus motion which was to suppress physical evidence.

The Supreme Court properly granted leave to reargue, and upon reargument, properly granted that branch of the defendant's motion which was to suppress physical evidence. "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). "Under the State Constitution, an individual's right of privacy in his or her effects dictates that a warrantless search incident to arrest be deemed unreasonable unless justified by the presence of exigent circumstances" (*People v Gokey*, 60 NY2d 309, 312 [1983]; *see People v Hernandez*, 40 AD3d at 778-779). "When an individual subjected to arrest has a privacy interest in property within his or her immediate control or 'grabbable area,' [the Court of Appeals] has identified two interests that may justify the warrantless search of that property incident to a lawful arrest: the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment" (*People v Gokey*, 60 NY2d at 312; *see People v Hernandez*, 40 AD3d at 779).

The People failed to establish that the search of the defendant's purse was justified to ensure the safety of the public or of the arresting officers, or that the search was necessary to prevent the defendant from concealing or destroying evidence. The People do not contend that the search was necessary to prevent the destruction of evidence. Further, there was nothing to suggest the presence of a weapon, and the arresting officer never asserted that she acted out of concern for her safety or the safety of the public (*see People v Hernandez*, 40 AD3d at 778; *cf. People v Smith*, 59 NY2d 454, 455-459 [1983]). Moreover, the defendant was handcuffed before the police searched her purse, and the purse was no longer in her control (*see People v Chisolm*, 7 AD3d 728, 729 [2004]).

The People's remaining contentions are unpreserved for appellate review. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.