Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered June 15, 2010, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, resisting arrest, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review so much of an order of the same court (Grosso, J.), dated February 24, 2010, as denied, after a hearing, that branch of the defendant’s omnibus motion which was to suppress a gun recovered by the police.
Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, the determination in the order denying that branch of the defendant’s omnibus motion which was to suppress a gun recovered by the police is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with People v LaFontaine (92 NY2d 470, 474-475 [1998]). '
On the night of August 12, 2008, a detective who was part of a narcotics operation observed the defendant, who was standing on a street corner and wearing a backpack, remove a plastic bag containing what appeared to be marijuana from his pocket and engage in a hand-to-hand sale of marijuana to an unknown man. The detective stopped the defendant and requested the bag of marijuana in his pocket, and the defendant removed a plastic bag containing marijuana from his pocket and handed it to the detective. When the detective attempted to effect an arrest of the defendant, asking him to remove the backpack before placing him in handcuffs, the defendant attempted to punch the detective and fled. The detective chased the defendant and *923 caught him by grabbing and pulling on the backpack. In doing so, the detective felt an unidentifiable “hard object” in the backpack. The defendant elbowed the detective in the face, causing the detective to release the backpack, and continued to flee, with the backpack still on his back.
The detective again caught the defendant, who was then holding the backpack in front of him, and, as the two struggled over the backpack, it was released by both and left on the sidewalk as the defendant fled again, followed by the detective. For the final time, the detective caught the defendant in the street and, after a struggle, subdued and arrested him. The arrest was made approximately 36 feet away from where the backpack was left on the sidewalk. With the defendant secured by the detective’s partner, the detective returned to the backpack, opened it, and recovered a loaded semiautomatic handgun.
At a suppression hearing, the People argued that the warrantless search of the backpack was lawful because the defendant had abandoned it. The Supreme Court explicitly rejected that theory, but determined that the search was justified under the search incident to a lawful arrest exception to the warrant requirement, and denied that branch of the defendant’s omnibus motion which was to suppress the gun. Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, resisting arrest, and unlawful possession of marijuana.
The Supreme Court properly denied the defendant’s motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (see CPL 30.30). In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30 [1] [a]). The defendant argued, inter alia, that the People were chargeable with a postreadiness delay of 146 days during the suppression hearing while the arresting detective was deployed on military duty in Iraq. Contrary to the defendant’s contention, the People demonstrated that they exercised due diligence in attempting to make the witness available and, thus, the period of time in question was excludable as an exceptional circumstance (see CPL 30.30 [3] [b]; People v Chardon, 83 AD3d 954, 955 [2011]; People v Williams, 293 AD2d 557, 557-558 [2002]; People v Grady, 111 AD2d 932 [1985]). The defendant’s contention that the People’s statement of readiness was illusory when made is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit (see People v Sawh, 58 AD3d 760, 761 [2009]; People v Rogers, 7 AD3d 737 [2004]; People v Santana, 233 AD2d 344, 345 [1996]).
*924 However, the Supreme Court’s suppression determination with respect to the gun was erroneous. “On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance” (People v Hernandez, 40 AD3d 777, 778 [2007]; see People v Berrios, 28 NY2d 361, 367-368 [1971]). “Under the State Constitution, an individual’s right of privacy in his or her effects dictates that a warrantless search incident to arrest be deemed unreasonable unless justified by the presence of exigent circumstances” (People v Gokey, 60 NY2d 309, 312 [1983]; see People v Hernandez, 40 AD3d at 778). “When an individual subjected to arrest has a privacy interest in property within his or her immediate control or ‘grabbable area’, [the Court of Appeals] has identified two interests that may justify the warrant-less search of that property incident to a lawful arrest: the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment” (People v Gokey, 60 NY2d at 312; see People v Hernandez, 40 AD3d at 778).
Contrary to the Supreme Court’s determination, the search of the backpack was not justified as a search incident to a lawful arrest. The backpack was not within the defendant’s immediate control or “grabbable area” at the time he was arrested (see People v Johnson, 241 AD2d 527, 527-528 [1997]; People v Ruffin, 133 AD2d 425, 427-428 [1987]; see also People v Hernandez, 40 AD3d at 779). Moreover, the People failed to present evidence establishing exigent circumstances at the time of the arrest that would justify the search. The detective did not assert that he searched the backpack out of concern for the safety of himself or the public, and the circumstances did not support a reasonable belief that the backpack contained a weapon (see People v Gokey, 60 NY2d at 313; People v Warner, 94 AD3d 916, 917 [2012]; People v Hernandez, 40 AD3d at 779; People v Green, 258 AD2d 531, 532-533 [1999]; cf. People v Smith, 59 NY2d 454, 458 [1983]). Likewise, the detective did not assert that he searched the backpack to protect against the destruction of evidence, and the facts do not support such an assertion.
As an alternative ground for upholding the suppression ruling, the People argue that the search was justified because the detective had probable cause to believe that the backpack contained evidence related to the drug sale. However, since the People did not rely on that theory at the suppression hearing, and the hearing court did not address the theory, the People may not raise it for the first time on appeal (see People v Dodt, 61 NY2d 408, 416 [1984]). The People also argue, as they did in the Supreme Court, that the search of the backpack was lawful *925 because the defendant abandoned it. Because the Supreme Court decided the issue of abandonment in the defendant’s favor, this Court is precluded from reviewing that issue on the defendant’s appeal (see CPL 470.15 [1]; People v Ingram, 18 NY3d 948, 949 [2012]; People v Concepcion, 17 NY3d 192, 196 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]). Under the circumstances presented here, where we lack statutory authority to review an issue resolved in the appellant’s favor at a suppression hearing, the Court of Appeals has instructed that the required remedy is to “reverse the denial of suppression and remit the case to [the] Supreme Court for further proceedings” (People v LaFontaine, 92 NY2d at 474; see People v Ingram, 18 NY3d at 949; People v Concepcion, 17 NY3d at 201). Accordingly, we vacate the defendant’s convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and the sentences imposed thereon, vacate the determination in the order denying that branch of the defendant’s omnibus motion which was to suppress the gun, and remit the matter to the Supreme Court, Queens County, for further proceedings in accordance with People v LaFontaine (92 NY2d at 474-475). Since there is no reasonable possibility that the evidence supporting the potentially tainted weapon possession counts had a spillover effect on the convictions of resisting arrest and unlawful possession of marijuana, “granting suppression—if this is the decision reached by the trial court on remittal—would be harmless with respect to [the] defendant’s conviction for these other crimes,” and, thus, the convictions for these crimes may stand (People v Concepcion, 17 NY3d at 196).
Mastro, J.E, Lott, Austin and Roman, JJ., concur.