■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON ALVARADO, Appellant. [5 NYS3d 271]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Dowling, J.), rendered January 25, 2012, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence recovered incident to his arrest. "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]; *see People v Berrios*, 28 NY2d 361, 367-368 [1971]). "Under the State Constitution, an individual's right of privacy in his or her effects dictates that a warrantless search incident to arrest be deemed unreasonable unless justified by the presence of exigent circumstances" (*People v Gokey*, 60 NY2d 309, 312 [1983]; *see People v Hernandez*, 40 AD3d at 778). For "compelling reasons," including the safety of the officers or the public, "a search 'not significantly divorced in time or place from the arrest' may be conducted even though the arrested person has been subdued and his closed container is within the exclusive control of the police" (*People v Smith*, 59 NY2d 454, 458 [1983], quoting *People v De Santis*, 46 NY2d 82, 88 [1978]).

Here, the police officer who arrested the defendant testified that he was in plainclothes, responding in an unmarked vehicle to a radio report of a shooting at a private house, when he saw the defendant walking on a street approximately five blocks from the subject house. The officer, who had responded to the subject house between 5 and 10 times in the past, knew the defendant, and knew that he lived at the subject house. He took his shield out, approached the defendant, and saw that the defendant wore a backpack, and had blood on his pants, his shirt, and his hands. Based on the radio report of a shooting and the defendant's appearance, the officer had reason to believe that he was faced with a dangerous situation warranting a nonarrest detention of the defendant and a search for weapons as a precautionary measure (*see People v Allen*, 73 NY2d 378, 380 [1989]; *People v Crawford*, 110 AD3d 916 [2013]). The officer took the backpack from the defendant and put it on the hood of a nearby car, searched the defendant for weapons, and handcuffed the defendant approximately three feet from the backpack. As soon as the defendant was hand-

cuffed, he started crying and said that his brother was just shot and that the guns were in the "bag." At that point, the officer had probable cause to arrest the defendant for criminal possession of a weapon (*see People v Niles*, 237 AD2d 537 [1997]).

The arresting officer properly searched the defendant's backpack incident to the lawful arrest. The People presented evidence establishing exigent circumstances at the time of the arrest that would justify the search. The circumstances supported a reasonable belief that the backpack contained a weapon (*see People v Smith*, 59 NY2d at 458; *People v Bowden*, 87 AD3d 402, 404-405 [2011]). The case of *People v Jimenez* (22 NY3d 717 [2014]), cited by the defendant, is distinguishable from the instant case. In Jimenez, police officers, responding to a radio report of a burglary in an apartment building, searched the defendant's handbag after arresting her for trespass. Among other things, there was no indication that the demeanor or actions of either the defendant in Jimenez or her companion was in any way threatening, no evidence that they matched the description of the suspects of the subject burglary, and no reasonable basis to suspect that the defendant or her companion had participated in the subject burglary or were in possession of a weapon (*see People v Jimenez*, 22 NY3d at 723).

The defendant's claim that he was deprived of a fair trial by prosecutorial misconduct is unpreserved for appellate review, as he failed to object to some of the allegedly improper summation comments, and made only general objections as to others (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). Moreover, the defendant's motion for a mistrial, made after the completion of summations, was untimely and failed to preserve his contentions for appellate review (*see People v Malave*, 7 AD3d 542 [2004]; *People v Morris*, 148 AD2d 552 [1989]; *People v Bruen*, 136 AD2d 648, 649 [1988]). In any event, the defendant's contention is without merit. The challenged remarks were either permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396 [1981]), or fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]).

The defendant's remaining contentions are without merit. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.