# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1182**
**KA 12-02264**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                           V                           MEMORANDUM AND ORDER

ERIC L. WILCOX, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, PHILLIPS LYTLE LLP, BUFFALO (RYAN A. LEMA OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC L. WILCOX, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 3, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, defendant's motion to suppress tangible evidence is granted in part, counts one, three, six, and seven of the indictment are dismissed, and a new trial is granted on count two.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), and one count each of criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), criminal possession of a controlled substance in the seventh degree (§ 220.03) and unlawful possession of marihuana (§ 221.05). Defendant contends that Supreme Court erred in refusing to suppress drugs seized by police officers from the jacket he was wearing at the time he was arrested pursuant to a warrant. We agree.

The record at the suppression hearing established that the officers received information that defendant was at a particular residential address, and they observed defendant inside that residence, sleeping on a living room couch and wearing a black leather jacket. The officers entered the residence, asked defendant to

identify himself, and told defendant that he was under arrest. At that point, defendant began fumbling with his jacket pocket, and a pill bottle fell out of the pocket onto the couch. The officers handcuffed defendant, and one of them examined the contents of the pill bottle. The officer suspected that the pill bottle contained heroin. Shortly thereafter, the officers removed defendant's handcuffs in order to remove his jacket. After securing the jacket, the officers replaced the handcuffs on defendant and escorted him to the rear seat of their patrol car. One of the officers placed the jacket on the floor of the front seat of the patrol car, where it remained while defendant was transported to the Public Safety Building. Defendant was taken to an interview room, and the jacket was searched in another room at the Public Safety Building. A variety of drugs was discovered in the jacket pockets.

At the outset, we note that we may not address the People's contention that the court properly refused to suppress the drugs on the ground that defendant did not have an expectation of privacy in the clothing that he was wearing, inasmuch as the People did not rely on that theory at the suppression hearing, and the court did not deny suppression on that ground (*see People v Thompson*, 118 AD3d 922, 924).

Contrary to the court's determination, we conclude that the warrantless search of defendant's jacket was not justified as a search incident to a lawful arrest. "Under the State Constitution, to justify a warrantless search incident to an arrest, the People must satisfy two separate requirements. The first imposes spatial and temporal limitations to ensure that the search is not significantly divorced in time or place from the arrest . . . The second, and equally important, predicate requires the People to demonstrate the presence of exigent circumstances" (*People v Jimenez*, 22 NY3d 717, 721-722 [internal quotation marks omitted]). We conclude that, here, neither requirement is satisfied. At the time the jacket was searched, defendant was handcuffed in an interview room at the Public Safety Building. "[T]he jacket had been reduced to the exclusive control of the police[,] and there was no reasonable possibility that defendant could have reached it" (*People v Morales*, 126 AD3d 43, 46). Nor was there any exigency that would justify the warrantless search of the jacket in these circumstances (*see id*. at 47; *Thompson*, 118 AD3d at 924; *see also People v Boler*, 106 AD3d 1119, 1123). We therefore grant in part defendant's motion seeking to suppress tangible evidence, i.e., the drugs seized from his jacket, and we reverse those parts of the judgment convicting him of the counts of the indictment charging him with possessing those drugs, i.e., counts one, three, six and seven.

Count two, the only remaining count, charges defendant with knowingly and unlawfully possessing heroin with the intent to sell it pursuant to Penal Law § 220.16 (1). The heroin that defendant was accused of possessing under that count was found inside the pill bottle that fell out of defendant's jacket pocket shortly after the officers' entry into the living room. We conclude that the court properly denied defendant's motion to the extent that it sought suppression of the heroin, which was lawfully seized incident to

defendant's arrest (*see People v Smith*, 59 NY2d 454, 458).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict on count two is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We nevertheless reverse the judgment of conviction and grant a new trial on that count because the evidence of defendant's intent to sell, "although legally sufficient, was not overwhelming and was largely dependent upon" evidence of the quantity and variety of drugs unlawfully seized from defendant's jacket (*People v Chambers*, 73 AD2d 976, 976).  We therefore conclude that the error in admitting that evidence was not harmless with respect to count two of the indictment (*see generally People v Almestica*, 42 NY2d 222, 227).

In view of our decision, we do not address the remaining contentions in defendant's main and pro se supplemental briefs.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court