■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD BOYD, Appellant. [26 NYS3d 539]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered July 17, 2013, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing (Riviezzo, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In his main brief and pro se supplemental brief, the defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress physical evidence because the testimony of the police officer at the pretrial suppression hearing was incredible and patently tailored to overcome constitutional objections. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Taylor*, 120 AD3d 519, 520 [2014] [internal quotation marks omitted]; *see People v Wheeler*, 2 NY3d 370, 374 [2004]; *People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the defendant's contention, the officer's testimony was not incredible or patently tailored to overcome constitutional objections (*see People v Cruz*, 131 AD3d 706 [2015]; *People v Rowley*, 127 AD3d 884, 885 [2015]; *People v Lewis*, 117 AD3d 751 [2014]). Moreover, the hearing court properly found that the police officers had probable cause to arrest the defendant (*see People v Hills*, 295 AD2d 365 [2002]; *People v Williams*, 154 AD2d 564 [1989]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see People v Lane*, 7 NY3d 888, 889 [2006]; *see also People v Barber*, 133 AD3d 868 [2015]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to

matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see *People v Crosby*, 133 AD3d 681 [2015]; *People v Donovan*, 133 AD3d 615 [2015]; *People v Maxwell*, 89 AD3d at 1109).

The defendant failed to preserve for appellate review his claim, raised in his pro se supplemental brief, that he was penalized for going to trial rather than accepting a plea offer, as he failed to raise this issue before the sentencing court (see *People v Rivera*, 126 AD3d 818, 820 [2015]; *People v Evans*, 16 AD3d 595 [2005]). In any event, the fact that the sentence imposed after trial was greater than that offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to proceed to trial (see *People v Martinez*, 26 NY3d 196, 200 [2015]; *People v Dunaway*, 134 AD3d 952 [2015]; *People v Preston*, 88 AD3d 748 [2011]). Moreover, the sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.