■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HOUSTON, Appellant. [38 NYS3d 259]—

Appeals by the defendant from (1) a resentence of the Supreme Court, Kings County (Reichbach, J.), imposed February 9, 2012, upon his conviction of robbery in the first degree and criminal possession of a weapon in the second degree, the resentence being an indeterminate term of 16 years to life imprisonment upon his conviction of criminal possession of a weapon in the second degree, to run concurrently with the determinate term of imprisonment previously imposed by the same court upon his conviction of robbery in the first degree, and (2) a judgment of the same court rendered October 26, 2011, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence found inside his briefcase. On the appeal from the resentence, assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the resentence is affirmed; and it is further,

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the first degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, that branch of the defendant's omnibus motion which was to suppress physical evidence found inside his briefcase is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial as to the count of the indictment charging the defendant with robbery in the first degree.

With respect to the appeal from the resentence, we are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and we have also reviewed the defendant's pro se supplemental brief. Upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on that appeal. Counsel's application for leave to

withdraw as counsel on the appeal from the resentence is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]).

In the afternoon of August 25, 2009, a man wearing a tan suit and black shoes, and carrying a black briefcase, entered a convenience store located at 377 Flatbush Avenue in Kings County, and stole two adult magazines, approximately $500 in cash, and four packs of Newport cigarettes, at gunpoint. Immediately after the robbery, the store clerk pointed out the defendant, who was standing on the sidewalk near the store, to a police officer. The clerk told the officers that the defendant had a gun. After a foot chase, the defendant surrendered to the police. The police found a loaded gun inside the defendant's jacket pocket, and placed him under arrest. The police then searched the defendant's black briefcase, which he had placed on a parked car at the time of his surrender. Inside the briefcase, the officers found two adult magazines, approximately $500 in cash, and four packs of Newport cigarettes.

At the suppression hearing, the People argued that the warrantless search of the briefcase was proper, as it was conducted incident to the defendant's lawful arrest. The Supreme Court adopted the People's theory, and ruled that the search of the briefcase was proper because it was performed after the lawful arrest of the defendant. The court, therefore, denied that branch of the defendant's omnibus motion which was to suppress the adult magazines, the cash, and the packs of cigarettes. Following a jury trial, the defendant was convicted of robbery in the first degree and criminal possession of a weapon in the second degree.

On appeal, the defendant contends that there were no exigent circumstances that would justify a warrantless search. Contrary to the People's contention, this issue is preserved for appellate review. This case is distinguishable from *People v Miranda* (27 NY3d 931 [2016]), in which the hearing court had addressed only the issue of probable cause to arrest in the context of a warrantless search incident to arrest.

The Supreme Court's suppression determination with respect to the adult magazines, cash, and packs of cigarettes, was erroneous. Because "[a]ll warrantless searches presumptively are unreasonable per se, . . . [w]here a warrant has not been obtained, it is the People who have the burden of overcoming this presumption of unreasonableness" (*People v Jimenez*, 22 NY3d 717, 721 [2014] [internal quotation marks and citations

omitted]; *see People v Alvarado*, 126 AD3d 803, 804 [2015]; *People v Thompson*, 118 AD3d 922, 924 [2014]; *People v Warner*, 94 AD3d 916, 917 [2012]). Under the New York State Constitution, an individual's right of privacy in his or her personal effects dictates that a warrantless search incident to arrest be deemed unreasonable unless (1) it satisfies certain "spatial and temporal limitations to ensure that the search is not significantly divorced in time or place from the arrest" and (2) it is justified by the presence of exigent circumstances (*People v Jimenez*, 22 NY3d at 721 [internal quotation marks omitted]; *see People v Gokey*, 60 NY2d 309, 312 [1983]; *People v Alvarado*, 126 AD3d at 804; *People v Thompson*, 118 AD3d at 924; *People v Warner*, 94 AD3d at 917). "Exigency must be affirmatively demonstrated" (*People v Jimenez*, 22 NY3d at 722). Exigent circumstances may be established by a showing that the search was necessary to ensure the safety of the public or the arresting officer, or that it was necessary to prevent the destruction or concealment of evidence (*id.*; *see People v Gokey*, 60 NY2d at 312; *People v Thompson*, 118 AD3d at 924; *People v Warner*, 94 AD3d at 917; *People v Hernandez*, 40 AD3d 777 [2007]).

Contrary to the Supreme Court's determination, the search of the briefcase was not justified as a search incident to a lawful arrest. The People failed to present evidence establishing exigent circumstances at the time of the arrest that would justify the search. The arresting officer did not claim that he searched the briefcase out of concern for the safety of himself or the public and, in any event, the circumstances did not support a reasonable belief that the briefcase contained a weapon (*see People v Thompson*, 118 AD3d at 924; *People v Warner*, 94 AD3d at 917). Additionally, the officer did not claim that he searched the briefcase to prevent the defendant from destroying evidence and, in any event, the facts do not support such a claim. Moreover, despite the People's contention to the contrary, the error was not harmless, as it cannot be said that there was no significant probability that the jury would have acquitted the defendant of robbery in the first degree had it not been for the error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Accordingly, we vacate the defendant's conviction of robbery in the first degree and the sentence imposed thereon, grant that branch of the defendant's omnibus motion which was to suppress physical evidence found inside his briefcase, and remit the matter to the Supreme Court, Kings County, for a new trial as to the count of the indictment charging the defendant with robbery in the first degree.

Since there is no reasonable possibility that the evidence

supporting the potentially tainted robbery count had a spillover effect on the conviction of criminal possession of a weapon in the second degree, the defendant's conviction of criminal possession of a weapon in the second degree may stand (*see People v Thompson*, 118 AD3d at 925).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Boyd*, 136 AD3d 935 [2016]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Boyd*, 136 AD3d 935 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Renaud*, 137 AD3d 818, 821 [2016]; *People v Maxwell*, 89 AD3d at 1109). Although the defendant made a motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before this Court on this direct appeal from the judgment of conviction (*see People v Rovinsky*, 135 AD3d 969 [2016]).

The defendant's contention raised in point II of his pro se supplemental brief is not properly before this Court on this direct appeal from the judgment of conviction.

Contrary to the defendant's contention raised in point III of his pro se supplemental brief, the trial court did not violate CPL 310.30 and the procedure enunciated by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) by providing the jury with evidence requested by the jury in a note to the trial court. The record demonstrates that the parties had agreed to allow the court to provide evidence to the jury without the need for consultation with the parties (*see People v Knudsen*, 34 AD3d 496, 497 [2006]). Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.