SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1139**
**KA 13-01470**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEVIN BINET, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 1, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying his motion to suppress the gun seized from his person and his pre- and postarrest statements to police. We reject that contention. We conclude that the officers were authorized to stop defendant, who was walking in the street, based upon their observation of his violation of Vehicle and Traffic Law § 1156 (a) and (b), entitled "Pedestrians on roadways" (*see People v Robinson*, 97 NY2d 341, 349-356; *see also People v Ellis*, 62 NY2d 393, 396; *People v Sobotker*, 43 NY2d 559, 563-564). Upon approaching defendant, one of the officers observed that defendant was generally nervous and moreover was engaging in suspicious conduct by repeatedly placing his hands into his pockets despite the officer's repeated requests that he take his hands out of his pockets. Those observations, in conjunction with the fact that the encounter took place in a known high-crime area, provided the officer with at least a " 'founded suspicion that criminal activity was afoot,' " thereby warranting the officer in asking defendant whether he had any illegal or dangerous item, i.e., a weapon, on his person (*People v Robinson*, 278 AD2d 808, 809, *lv denied* 96 NY2d 787; *see People v Hensen*, 21 AD3d 172, 174-176, *lv denied* 5 NY3d 828; *see also People v Sims*, 106 AD3d 1473, 1473-1474, *appeal dismissed* 22 NY3d 992). We additionally conclude that defendant's statement to the officer that he had a handgun in his pocket

established a reasonable suspicion of a threat to the officer's safety, and that the officer was justified in reaching into that pocket and removing the gun (*see Hensen*, 21 AD3d at 174-176; *Robinson*, 278 AD2d at 809). Finally, we conclude that defendant's possession of the gun gave the officer probable cause to arrest him and subsequently question him at the police station (*see People v Niles*, 237 AD2d 537, 538, *lv denied* 90 NY2d 861; *see also People v Hightower*, 261 AD2d 871, 871-872, *lv denied* 93 NY2d 971).

Insofar as defendant challenges the severity of the period of postrelease supervision, we decline to exercise our power to modify that part of the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  February 3, 2017                              Frances E. Cafarell
                                                       Clerk of the Court