People v Chy (2020 NY Slip Op 03244)





People v Chy


2020 NY Slip Op 03244


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-08264
 (Ind. No. 2605/15)

[*1]The People of the State of New York, respondent,
v
Rodolfo Chy, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered July 22, 2016, convicting him of grand larceny in the fourth degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for a new determination on that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
On October 14, 2015, Police Officer Christopher Musa was given an assignment to respond to 83-27 Britton Avenue in Queens to enforce a vacate order that had been issued by the New York City Department of Buildings. Officer Musa responded to that location and, at approximately 6:00 p.m., observed the defendant climbing out of a basement window. Officer Musa approached the defendant, who, in response to Officer Musa's inquiry, provided his name. The defendant was carrying a backpack, and Officer Musa observed what appeared to be credit cards or identification cards in an outside mesh pocket. Officer Musa arrested the defendant for criminal trespass, handcuffed him, and removed the backpack from the defendant. Officer Musa then searched the backpack at the scene of the arrest and recovered, among other items, two credit cards and a New York State driver license that did not bear the defendant's name, and a new laptop computer. Officer Musa placed the backpack in the trunk of his patrol vehicle, and the defendant was transported to the precinct, at which time the backpack was vouchered. The defendant, after waiving his Miranda rights (see Miranda v Arizona, 384 US 436), made oral and written statements to the police. The defendant was later charged with, inter alia, two counts of grand larceny in the fourth degree, two counts of criminal possession of stolen property in the fourth degree, criminal trespass in the second degree, and criminal trespass in the third degree.
Following a suppression hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the physical evidence recovered from the [*2]backpack and his statements to the police. The defendant moved for leave to reargue. In an order dated June 28, 2016, the court granted leave to reargue and, upon reargument, adhered to its original determination. The defendant subsequently pleaded guilty to two counts of grand larceny in the fourth degree in full satisfaction of the indictment, admitted the allegations in the predicate felony statement, and purportedly waived his right to appeal after he had allocuted to the facts of the crime. On appeal, the defendant challenges the validity of his purported appeal waiver and the court's suppression rulings.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545, 564-566; People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 255; People v Batista, 167 AD3d 69, 76; People v Brown, 122 AD3d 133, 137). The Supreme Court's colloquy did not ensure that the defendant understood the distinction between his waiver of the right to appeal and the other trial rights that are automatically forfeited upon a plea of guilty (see People v Farray, 172 AD3d 1401, 1401; People v Ortiz, 167 AD3d 658, 658; People v Rivas, 166 AD3d 1019, 1020; People v Medina, 161 AD3d 778, 779; People v Diaz, 146 AD3d 803, 804). Moreover, although the defendant executed a written waiver of his right to appeal, the written waiver contained erroneous statements with regard to the issues encompassed by the waiver of the right to appeal, and the court's oral colloquy was insufficient to cure the misleading written waiver (see People v Thomas, 34 NY3d at 564-566; People v Wilkinson, 176 AD3d 879). Since the defendant's purported waiver of the right to appeal was invalid, it does not preclude appellate review of his challenge to the court's suppression determinations.
Contrary to the Supreme Court's determination, the search of the backpack was not justified as a search incident to a lawful arrest. "The protections embodied in article I, § 12 of the New York State Constitution serve to shield citizens from warrantless intrusions on their privacy interests, including their personal effects" (People v Jimenez, 22 NY3d 717, 719; see People v Gokey, 60 NY2d 309, 312). " All warrantless searches presumptively are unreasonable per se,' and, thus, [w]here a warrant has not been obtained, it is the People who have the burden of overcoming' this presumption of unreasonableness" (People v Jimenez, 22 NY3d at 721, quoting People v Hodge, 44 NY2d 553, 557; see People v Houston, 143 AD3d 737, 738). " [E]ven a bag within the immediate control or grabbable area' of a suspect at the time of his [or her] arrest may not be subjected to a warrantless search incident to the arrest, unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence located in the bag'" (People v Geddes-Kelly, 163 AD3d 716, 717, quoting People v Anderson, 142 AD3d 713, 715-716; see People v Houston, 143 AD3d at 739). The evidence adduced at the suppression hearing failed to establish the presence of such circumstances (see People v Grimes, 175 AD3d 712, 713; People v Geddes-Kelly, 163 AD3d at 717). Officer Musa did not testify that he searched the backpack out of concern for the safety of himself or the public. In addition, Officer Musa did not claim that he searched the backpack to prevent the defendant from destroying evidence and, in any event, the facts do not support such a claim (see People v Houston, 143 AD3d at 739; People v Thompson, 118 AD3d 922, 924). Rather, Officer Musa testified that the defendant was not in possession of a weapon, that the defendant cooperated, and that the defendant made no attempt to flee the scene or discard the backpack.
Under these circumstances, the search was unlawful, and the physical evidence recovered from the backpack should have been suppressed. Accordingly, we reverse the judgment, vacate the plea, and grant that branch of the defendant's omnibus motion which was to suppress the physical evidence.
The People contend that even if the search was unlawful, the defendant's statements were admissible because they were sufficiently attenuated so as to purge the taint of the illegal search. We cannot review that contention on this appeal because the Supreme Court did not rule on that issue (see CPL 470.15[1]; People v LaFontaine, 92 NY2d 470, 474; People v Sturges, 164 AD3d 616, 617). Accordingly, we remit the matter for a new determination on that branch of the defendant's omnibus motion which was to suppress the statements (see People v LaFontaine, 92 NY2d at 474; People v Thompson, 118 AD3d at 925).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court