People v Wilcox (2022 NY Slip Op 03636)

People v Wilcox

2022 NY Slip Op 03636

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

436 KA 16-01901

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC L. WILCOX, DEFENDANT-APPELLANT. 

JILL PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered June 20, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury verdict of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). On a prior appeal, we reversed the judgment, granted defendant's motion to suppress certain physical evidence, dismissed several counts of the indictment, and granted a new trial on the remaining count, which charged defendant with knowingly and unlawfully possessing heroin with the intent to sell it pursuant to Penal Law § 220.16 (1) (People v Wilcox, 134 AD3d 1397, 1398 [4th Dept 2015]). Defendant now appeals from the judgment convicting him, following the retrial before a jury, of a lesser included charge. We affirm.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, one of the officers who arrested defendant testified at trial that, in the course of the arrest, he observed a pill bottle fall from defendant's jacket pocket. That bottle was later determined to contain 11 doses of heroin. "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). "The jury was entitled to credit the testimony of the People's witnesses" (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]), and we perceive no reason to disturb those credibility determinations.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court